226 N.J. Super. 504 (1988)
544 A.2d 914
STATE OF NEW JERSEY
v.
BRIAN J. ZIEGLER.
Superior Court of New Jersey, Law Division Burlington County.
Decided May 16, 1988.
*505 Jeanne Covert, Assistant Burlington County Prosecutor for the State (Stephen G. Raymond, Prosecutor).
Steven N. Taieb, for defendant.
HAINES, A.J.S.C.
Brian J. Ziegler is a juvenile. On September 5, 1987, he was arrested with another juvenile and charged with possession of marijuana under 50 grams, possession of CDS paraphernalia and possession of alcohol. The marijuana charge was based on the discovery of .08 grams of that substance as residue left in a pipe carried in Ziegler's pocket. The alcohol charge involved possession of 12 cans of beer, one of which was open. The paraphernalia was the pipe. Ziegler now moves to dismiss the marijuana charge as de minimis.
N.J.S.A. 2C:2-11 provides in pertinent part as follows:
The Assignment Judge may dismiss the prosecution if, having regard to the nature of the conduct charged to constitute an offense and the nature of the attendant circumstances, it finds that the defendant's conduct: ... (b) did not actually cause or threaten the harm or evil sought to be prevented by the law *506 defining the offense or did so only to an extent too trivial to warrant a condemnation of conviction.
In State v. Zarrilli, 216 N.J. Super. 231 (Law Div. 1987), aff'd, 220 N.J. Super. 517 (App.Div. 1987), the Law Division held that "... it is public risk that determines what is trivial. The one question to be asked and answered in response to the de minimis motion is therefore: what is the risk of harm to which society is exposed by defendant's conduct?" 216 N.J. Super. at 239. Subordinate factors contributing to the answer were listed as:
(a) The circumstances surrounding the commission of the offense ... [which] may reveal an unacceptable social risk.
(b) The existence of contraband.
(c) The amount and value of property involved.
(d) The use of threats or violence.
(e) The use of weapons. [Id. at 240].
The State argues that the de minimis statute does not apply to a juvenile offense. This court concludes that it does. The statute is part of the Code of Criminal Justice. It permits the dismissal of a "prosecution" and refers to an "offense" and a "conviction." Brian J. Ziegler is charged under the Code of Juvenile Justice, part of which, N.J.S.A.2A:4A-21, provides:
This Act shall be construed so as to effectuate the following purposes: ... (b) consistent with the protection of the public interest, to remove from children committing delinquent acts certain statutory consequences of criminal behavior and to substitute therefore an adequate program of supervision, care and rehabilitation.
The act charged to Ziegler was an act of juvenile delinquency, not a crime. He is not being prosecuted and he will not be convicted. He is not charged with an "offense" as defined in N.J.S.A.2C:1-14 k, namely, "a crime, a disorderly persons offense or a petty disorderly persons offense."
Nevertheless, N.J.S.A. 2A:4A-40 provides:
All defenses available to an adult charged with a crime, offense or violation shall be available to a juvenile charged with committing an act of delinquency.
The claim that a particular act of delinquency is de minimis  so trivial that it should be dismissed  is a "defense" to the *507 delinquency charge and therefore available to the juvenile by virtue of this statutory provision.
There is no logical reason to deny the opportunity for a de minimis dismissal to a juvenile while providing that opportunity to an adult. The Senate Judiciary Committee statement following N.J.S.A. 2A:4A-20 says in part:
This bill recognizes that the public welfare and the best interests of juveniles can be served most effectively through an approach which provides for harsher penalties for juveniles who commit serious acts or who are repetitive offenders, while broadening family responsibility and the use of alternative dispositions for juveniles committing less serious offenses.
Furthermore, N.J.S.A. 2A:4A-21 e provides that the act is to be construed in a way which ensures that children are "... entitled to protection of the State, which may intervene to safeguard them from neglect or injury and to enforce the legal obligations due to them and from them." A de minimis dismissal is an alternative disposition that may very well be in the interest of a juvenile and is, as this court holds, a response which enforces a "legal obligation" due juveniles.
Notwithstanding this conclusion, the offense committed by Brian J. Ziegler is not trivial. Drugs are the root of much evil in our present society. This is especially true with respect to children. Zarrilli, in addressing the question of what is "trivial," looked to public risk. It held that the question to be asked in response to a de minimis motion is: "what is the risk of harm to which society is exposed by the defendant's conduct?" The possession of CDS by a juvenile poses great risk of harm to a society which has declared, through its Legislature, that the unlawful use of drugs poses "a serious and pervasive threat to the health, safety and welfare" of its citizens. N.J.S.A. 2C:35-1.1. It is contraband, unlike a sip of beer, (Zarilli) which is not.
Here, the marijuana was found in the possession of a juvenile who also possessed drug paraphernalia and beer which, because of his age, he was not entitled to drink. Further, at the time of his arrest, he was in a motor vehicle with another juvenile. *508 These circumstances exacerbate the fact of possession and underline the "unacceptable social risk" which the charged conduct poses. Therefore, the de minimis motion must be denied.