THE STATE OF NEW JERSEY, PLAINTIFF–APPELLANT, v. I.B., A JUVENILE, AGE 16, DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted June 13, 1988—Decided August 3, 1988.

Before Judges O'BRIEN and STERN.

*Neil S. Cooper,* Acting Hunterdon County Prosecutor, attorney for appellant (*Dawn M. Solari,* Special Deputy Attorney General, on the brief).

*Abrams, Blatz, Gran, Hendricks & Reina,* attorneys for respondent (*C. Douglas Reina,* on the brief).

PER CURIAM.

The State appeals from the dismissal of a complaint charging juvenile delinquency by a judge of the Chancery Division–Family Part, on the ground that the infraction was *de minimis* pursuant to *N.J.S.A.* 2C:2–11. We reverse, reinstate the complaint and remand for further proceedings.

On October 6, 1987, a physical education teacher observed a strong odor of marijuana emanating from the boys' lavatory in a high school building. After waiting outside the lavatory door and not observing anyone enter or leave, the teacher entered and found defendant inside one of the stalls. Looking over the

top of the stall, the teacher observed I.B. smoking what appeared to be a cigarette which emitted a strong odor of marijuana. A Marlboro cigarette box was found on I.B.'s person when he was searched by the school principal in a nurse's office in which residue of marijuana was found. Analysis of the residue by a forensic chemist revealed .08 grams of marijuana.

A complaint was filed charging I.B. as a juvenile delinquent under *N.J.S.A.* 2A:4A–23, by having in his possession under 50 grams of marijuana in violation of *N.J.S.A.* 2C:35–10a(4). Prior to the trial on February 2, 1988, defendant's counsel made a motion to dismiss the complaint pursuant to *N.J.S.A.* 2C:2–11 on the ground that it was a *de minimis* infraction.[1] The trial judge granted the motion and dismissed the complaint on February 2, 1988. An application was neither made to nor considered by the assignment judge of the vicinage. Although the trial judge was also acting assignment judge, he expressly recognized that the statute limits the power to dismiss on this ground to the assignment judge. He dismissed the complaint in his role as presiding judge of the Family Part, Juvenile, not as acting assignment judge.

On this appeal, the State makes the following legal arguments:

POINT I THE ASSIGNMENT JUDGE IS GIVEN THE AUTHORITY OF DISMISSING A PROSECUTION PURSUANT TO *N.J.S.A.* 2C:2–11 AND THEREFORE THE MOTION IN THE INSTANT CASE SHOULD NOT HAVE BEEN HEARD AND DECIDED BY THE SUPERIOR COURT JUDGE PRESIDING OVER THE JUVENILE HEARING.

POINT II THE PROSECUTION OF THE DEFENDANT IN THE PRESENT CASE SHOULD NOT HAVE BEEN DISMISSED PURSUANT TO *N.J.S.A.* 2C:2–11 BECAUSE IT DID CAUSE OR THREATEN THE HARM OR EVIL SOUGHT TO BE PREVENTED BY THE LAW DEFINING THE OFFENSE AND IT DID NOT DO SO TO AN EXTENT TOO TRIVIAL TO WARRANT A CONVICTION.

When the issue was raised at the hearing as to whether the trial judge, as presiding judge of the Family Part–Juvenile

---

[1] Defense counsel telephoned the prosecutor the preceding day to advise of his intention to make the application for dismissal.

could exercise the power to dismiss a *de minimis* infraction, the judge said:

> You know, if you are going to raise this technical point, obviously it's foolish for me to do so since evidently the statute expressly says it shall be the assignment judge.
>
> All right. Why don't we reserve on it?
>
> Why don't you check it out with the prosecutor and determine whether or not you are going to have any strong objection on the grounds that I am not the assignment judge of the vicinage.

However, the record does not reveal any consultation with the prosecutor and the trial judge ultimately dismissed the complaint.

Since we conclude that *N.J.S.A.* 2C:2–11 is not applicable to persons charged with juvenile delinquency, we need not address the question of the jurisdiction of a judge of the Family Part to act on a motion alleging a *de minimis* infraction.[2]

The juvenile argues that all defenses available to an adult charged with a crime, offense or violation, are available to a juvenile charged with committing an act of delinquency, *N.J.S. A.* 2A:4A–40, from which he concludes that the provisions of *N.J.S.A.* 2C:2–11 are applicable to juveniles. In reaching this decision we note our disagreement with *State v. Ziegler*, 226 *N.J.Super.* 504 (Law Div.1988), in which an assignment judge concluded that *N.J.S.A.* 2C:2–11 does apply to persons charged with acts of juvenile delinquency. We disagree.

Initially, as argued by the juvenile in support of the power of the Presiding Judge, Family Part–Juvenile to grant such a motion, judges sitting on juvenile matters in the Family Part have complete authority to dispose of all aspects of a complaint of juvenile delinquency. By way of example, he observes that

---

[2]We do observe that prior to the enactment of *N.J.S.A.* 2C:2–11, the Legislature made changes limiting the section. It limited the dismissal power to the assignment judge alone, specifically provided for notice and an opportunity to be heard, and granted the State a right of appeal. It also replaced the word "shall" with the word "may," thus giving the assignment judge more discretion not to dismiss the charge. *See Final Report of the New Jersey Criminal Law Revision Commission, The New Jersey Penal Code,* Vol. I, p. 23 (1971).

motions for the suppression of evidence which emanate in the municipal court must be heard in the Superior Court under *R.* 3:5–7, but that suppression motions are heard by Family Part judges in juvenile delinquency proceedings. He concludes that

> To require the assignment judge to act in his capacity as assignment judge in juvenile matters is an intrusion into the very foundation of the juvenile court concept. With all due respect to assignment judges, they are no wiser and probably less familiar with the considerations which should be applied in evaluating a *de minimis* application in a juvenile proceeding, than the judges who regularly preside in juvenile court.

That observation clearly reflects that a provision in the Code of Criminal Justice in which the Legislature specifically vested power in the assignment judge was not intended as a "defense" available to adults charged with crime and thus available to a juvenile under *N.J.S.A.* 2A:4A–40. If the Legislature intended the *de minimis* infraction provision to apply in juvenile delinquency cases, it would have been a simple matter for it to have been included in *N.J.S.A.* 2A:4A–43 concerning the disposition of delinquency cases, particularly since the Code of Juvenile Justice was adopted subsequent to the Code of Criminal Justice. Absent waiver, the Code of Juvenile Justice has vested exclusive jurisdiction in the Family Part in all cases where it is charged that a juvenile has committed an act of delinquency. *N.J.S.A.* 2A:4A–24.

There are a variety of dispositions of complaints charging juvenile delinquency contained within the Code of Juvenile Justice, including dismissal of the complaint, if within an adjourned period for disposition not to exceed 12 months the juvenile makes a satisfactory adjustment. *See N.J.S.A.* 2A:4A–43b(1).

Although the juvenile correctly notes that the *de minimis* infraction provision is contained within the section dealing with general principles of liability which also include "defenses," by its language the *de minimis* infraction provision is not a "defense" to which a defendant is *entitled,* but rather permits a discretionary decision by the assignment judge to dismiss the charge if he concludes it is *de minimis.* Although the exercise

of his discretion by the assignment judge will result in a dismissal of the offense charged against defendant, this is not a "defense" available to a defendant.

We conclude that *N.J.S.A.* 2C:2–11 does not apply to persons charged with juvenile delinquency.

Reversed, the complaint is reinstated, and the matter is remanded for further proceedings. We do not retain jurisdiction.