763 A.2d 1279 (2000)
STATE of New Jersey, Plaintiff,
v.
Robert WELLS & Deborah Smith, Defendants.
Superior Court of New Jersey, Law Division (Criminal), Atlantic County.
Decided April 5, 2000.
*1280 Chester Wiech, Jr., Assistant County Prosecutor, for the State (Jeffrey S. Blitz, County Prosecutor, attorney).
Mark E. Roddy, Atlantic City, for defendants.
WINKELSTEIN, A.J.S.C.
The issue before the court is whether a charge of possession of .34 g. of cocaine may be dismissed by the assignment judge pursuant to N.J.S.A. 2C:2-11, which permits dismissal for de minimis infractions of the criminal code.[1] I find that possession of even a trace amount of cocaine, as long as the amount is sufficient to allow the substance to be identified by laboratory analysis, is not subject to dismissal as a de minimis infraction.
In the early evening of November 28, 1999, defendants Robert Wells and Deborah Smith, his girlfriend, were stopped in their car by the Atlantic City Police. Wells was driving and Smith was a front seat passenger. After the car was stopped, it was searched and a plastic bag with white residue was found inside the automobile. The residue in the bag was sent to the New Jersey State Police laboratory for testing and the contents were identified as .34 g. of cocaine.
Defendants were indicted. The statute they allegedly violated is N.J.S.A. 2C:35-10(a)(1) which provides, in pertinent part, as follows:
It is unlawful for any person, knowingly or purposely, to obtain, or to possess, actually or constructively, a controlled dangerous substance or controlled substance analog.... Any person who violates this section with respect to:
(1) A controlled dangerous substance, or its analog, classified in Schedule I, II, III or IV other than those specifically covered in this section, is guilty of a crime of the third degree....
Defendants have taken the position that the amount of cocaine involved is so minuscule that it can neither be used nor sold, and possession of such a small amount does not implicate any of the dangers that concerned the Legislature when the statute was passed. The State's position is that possession of even small quantities of cocaine, whether useable or not, is too serious an offense to permit dismissal under the de minimis statute.
N.J.S.A. 2C:2-11 provides that:
The assignment judge may dismiss a prosecution if, having regard to the nature of the conduct charged to constitute an offense and the nature of the attendant circumstances, it finds that the defendant's conduct:
(a) Was within a customary license or tolerance, neither expressly negated by the person whose interest was infringed nor inconsistent with the purpose of the law defining the offense;
(b) Did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so *1281 only to an extent too trivial to warrant the condemnation of conviction; or
(c) Presents such other extenuations that it cannot reasonably be regarded as envisaged by the Legislature in forbidding the offense.
The purpose of the de minimis statute is to provide assignment judges with discretion similar to that exercised by the police, prosecutors and grand jurors who constantly make decisions as to whether it is appropriate to prosecute under certain circumstances. State v. Hegyi, 185 N.J.Super. 229, 232, 447 A.2d 1369 (Law Div.1982). The statute is directed only to trifling matters. State v. Brown, 188 N.J.Super. 656, 663, 458 A.2d 165 (Law Div.1983). In referring to the Senate Judiciary Committee statement accompanying Senate Bill 738, the court in Brown emphasized that dismissal was permissible only if a conviction would be inappropriate:
Chapter 2 also contains a provision whereby an assignment judge may dismiss a prosecution if the facts of a particular case indicate a technical violation of a statute and a conviction would be inappropriate (see 2C:2-11).

[State v. Brown, supra, at 663, 458 A.2d 165, citing the Senate Judiciary Committee Statement, supra.]

Prior to passage of N.J.S.A. 2C:2-11, the New Jersey Supreme Court addressed the issue of whether the quantity of a controlled dangerous substance (CDS) affected the charge of unlawful possession of marijuana under N.J.S.A. 24:18-4, the predecessor statute to N.J.S.A. 2C:35-10. In determinating that the amount of marijuana seized was of no moment, the Court noted:
So long as qualitatively the substance seized is marijuana, the statute does not prescribe any minimum amount which must be possessed. And it follows that this Court cannot be asked to specify what quantity of a contraband substance is sufficient to invoke criminal sanctions, so long as the presence of the substance is readily determined....
Line-drawing among varying quantities of marijuana is unrealistic, since the small quantity readily warrants the inference that the defendant possessed a larger usable amount, and it is the possession of the latter amount which is the ultimate triable issue in the case.
[State v. Humphreys, 54 N.J. 406, 410-11, 255 A.2d 273 (1969).]
Although Humphreys was decided prior to the passage of both the de minimis statute and N.J.S.A. 2C:35-10, the court's rationale may properly be applied in the instant case. N.J.S.A. 2C:35-10 is part of the Comprehensive Drug Reform Act of 1986 (the Act), effective July 9, 1987. According to the Sponsors' statement:
Drug abuse and the proliferation of drug trafficking networks is the foremost law enforcement and health problem facing this State. The problem of drug abuse and drug-related crime is destined to become even more acute unless innovative and effective new strategies are promptly devised and implemented.
These strategies must be comprehensive in scope, simultaneously attacking both the supply and demand sides of the drug distribution problem.
According to the declaration of policy and Legislative findings set forth in N.J.S.A. 2C:35-1.1:
New Jersey continues to experience an unacceptable high rate of drug-related crime, and continues to serve as a conduit for the illegal trafficking of drugs to and from other jurisdictions. In addition to the harm suffered by the victims of drug abuse and drug-related crime, the incidence of such offenses is directly related to the rate of other violent and non-violent crimes, including murder, assault, robbery, theft, burglary and organized criminal activities.

[N.J.S.A. 2C:35-1.1(b).]
At the time of the enactment of the de minimis statute, the quantity of CDS in *1282 the defendant's possession was irrelevant for a conviction. The law was at that time, and remains today, that so long as the substance is readily determinable, minute amounts are sufficient to sustain a conviction. State v. Humphreys, supra, 54 N.J. at 411, 255 A.2d 273. To allow a dismissal of the indictment when the amount of CDS is minute, although ascertainable, would be inconsistent with Humphreys and the intent of N.J.S.A. 2C:35-10(a)(1).
The touchstone for dismissal under the de minimis statute is "the prevention of absurd applications of the Criminal Code." State v. Sorge, 249 N.J.Super. 144, 148, 591 A.2d 1382 (Law Div.1991). In Sorge the defendants were charged with distribution of clean hypodermic needles to intravenous drug users. In denying the defendant's request to dismiss the charges as de minimis, Judge D'Italia concluded that the State has a zero tolerance drug policy which "refuses to treat as trivial the possession of even the most minuscule amounts of a controlled dangerous substance." (Citations omitted.) Id. at 149, 591 A.2d 1382. State policy makes it clear that "the unlawful use, manufacture and distribution of controlled dangerous substances continues to pose a serious and pervasive threat to the health, safety and welfare of the citizens of this State." N.J.S.A. 2C:35-1.1(b); see also State v. Ziegler, 226 N.J.Super. 504, 507, 544 A.2d 914 (Law Div.1988).[2]
In State v. Zarrilli, 216 N.J.Super. 231, 523 A.2d 284 (Law Div.1987), aff'd., 220 N.J. Super. 517, 532 A.2d 1131 (App.Div. 1987), the defendant was charged with underage consumption of alcoholic beverages as a result of taking one sip of a friend's beer. In discussing the application of the de minimis statute, the court found that "it is public risk that determines what is `trivial.'" Zarrilli, 216 N.J.Super. at 239, 523 A.2d 284. Factors which may be considered include (1) the circumstances surrounding the commission of the offense which may reveal an unacceptable social risk and (2) the existence of contraband. Id. at 240, 523 A.2d 284. The Law Division concluded that the de minimis statute must be read to permit the dismissal of prosecutions "... only if society as a whole'the people'will be benefitted and protected." Id. at 239, 523 A.2d 284. A dismissal may only occur when the offense is trivial. Id. "The... question to be asked ... in response to a de minimis motion is ... `What is the risk of harm to which society is exposed by defendant's conduct?'" Id.
With these principals in mind I return to the language of N.J.S.A. 2C:2-11. First, I find that the conduct resulting in the charges against defendants for possession of trace amounts of cocaine does not fall within a customary license or tolerance of, nor was it inconsistent with, the law defining the offense such as to warrant a dismissal as de minimis. Defendants' argument that the amount seized was too small to use ignores the clear and concise language of the statute. Neither the legislative history nor the language of N.J.S.A. 2C:35-10 itself allows for a tolerance for possession of small amounts of CDS. Possession of any quantity of cocaine is inconsistent with the purpose of the law, to attack both the supply and demand sides of the drug distribution problems. See Sponsor's Statement to the Act, supra, at 1282, 763 A.2d 143. Possession is as much a part of the proliferation of CDS as is its manufacture, use or sale. There is no delineation in N.J.S.A. 2C:35-10 between *1283 specific quantities of CDS. All quantities are treated the same for purposes of determining whether the statute was violated. Possession of a trace amount of cocaine is as subject to prosecution as is possession of an ounce of cocaine. The law defining the offense does not limit itself to a specific quantity that may be possessed. The manufacture, distribution, use, or possession of CDS may each independently warrant prosecution. N.J.S.A. 2C:35-10; N.J.S.A. 2C:35-5. Prosecution for possession of even a trace amount of CDS is consistent with the intent of the Legislature.
It cannot be concluded that possession of even trace amounts of CDS does not cause or threaten the harm or evil sought to be prevented by the law defining the offense of possession. In other words, it cannot be concluded that possession of a trace amount of cocaine is too trivial to warrant a conviction. On the contrary, with the zero tolerance drug policy in this State prosecution for possession of trace amounts of cocaine is consistent with Legislative intent underlaying N.J.S.A. 2C:35-10(a)(1). State v. Sorge, supra, 249 N.J.Super. at 149, 591 A.2d 1382. Possession of any quantity of CDS, no matter how small, is part and parcel of the State's overall drug problem.
Finally, it cannot be concluded that the Legislature did not envisage possession of trace amounts as an offense under the Act. The Act makes no distinction between trace amounts of CDS and larger amounts which may be possessed. At the time the Act was passed, it can be inferred that the Legislature was aware of the Humphreys' decision that trace amounts of CDS were sufficient to warrant prosecution and conviction, Humphreys, supra, 54 N.J. at 410-11, 255 A.2d 273, since the Legislature is deemed knowledgeable of judicial interpretations of its enactments. Toogood v. St. Andrews Condo. Ass'n., 313 N.J.Super. 418, 423, 712 A.2d 1262 (App.Div.1998). There is nothing in the Act which would warrant a contrary interpretation.
In this case the question can reasonably be asked: what happened to the rest of the cocaine that was in the bag before it was confiscated by the police? A reasonable inference can be drawn that it was previously used by either the defendants or some other party. The cocaine in the confiscated bag put the public at risk. Dismissal of a charge of possession of the remaining cocaine in the bag as de minimis would not further the legislative goal to aggressively eliminate the use of drugs in our society.
Possession of a controlled dangerous substance is not akin to consuming a single sip of beer as in State v. Zarrilli, supra, 216 N.J.Super. 231, 523 A.2d 284, or stealing three pieces of bubble gum. State v. Smith, 195 N.J.Super. 468, 470, 480 A.2d 236 (Law Div.1984). Possession of CDS, no matter what the quantity, does not meet the test for a de minimis infraction pursuant to N.J.S.A. 2C:2-11. Defendants' motion to dismiss the indictment is therefore denied.
NOTES
[1] This opinion is a comprehensive supplement to the court's oral opinion from the bench on March 17, 2000.
[2] In State v. Ziegler the court concluded that N.J.S.A. 2C:2-11 applied to juveniles charged with acts of delinquency. In State v. I.B., 227 N.J.Super. 362, 365, 547 A.2d 707 (App.Div. 1988), the Appellate Division disagreed with that conclusion and found that the de minimis statute did not apply to juveniles charged with delinquency. Id. at 367, 547 A.2d 707. The Appellate Court did not, however, comment on the Law Division's conclusions that drugs were the root of much evil to our present society and posed a great risk of harm to the health, safety and welfare of our citizens. State v. Ziegler, supra, 226 at 507, 544 A.2d 914.