[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION TO DISMISS I PROCEDURAL HISTORY
On May 21, 2001, the plaintiff, Jeanette Pagan, filed a single-count complaint against the defendant, Young Women's Christian Association of Meriden (YWCA), alleging negligence and/or carelessness after sustaining injuries when she fell on the ice and snow in the YWCA parking lot. On July 26, 2001, YWCA filed an apportionment complaint against the apportionment defendant, Biafore Yard Works, LLC (Biafore), alleging that it is liable for all or part of Pagan's injuries. On November 13, 2001, Pagan filed an amended two-count complaint against both YWCA and Biafore. On December 3, 2001, Biafore filed a motion to dismiss the CT Page 5967 second count of the amended complaint and supporting memorandum of law.[1] On December 13, 2001, Pagan filed an objection to the motion to dismiss with a supporting memorandum of law.[2] Biafore filed a supplemental memorandum of law in support of the motion to dismiss on December 17, 2001.
 II DISCUSSION
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v.Mayer, 218 Conn. 531, 544 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622, 624, 461 A.2d 991 (1983). "The grounds which may be asserted in [a motion to dismiss] are: (1) lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; (3) improper venue; (4) insufficiency of process; and (5) insufficiency of service of process." Zizka v. Water Pollution ControlAuthority, 195 Conn. 682, 687, 490 A.2d 509 (1985), citing Practice Book § 10-31.
Biafore argues that the motion to dismiss the second count of the amended complaint should be granted because Pagan did not assert her claim within sixty days of the return date of the apportionment complaint pursuant to General Statutes § 52-102b (d).[3] In opposition, Pagan argues that the motion to dismiss should be denied because the YWCA never complied with the requirements of the apportionment statute pursuant to General Statutes § 52-102b (a).[4] Pagan contends that before a plaintiff can be expected to plead against an apportionment defendant, the plaintiff must be served a copy of the apportionment complaint pursuant to § 52-102b (a) and Practice Book § 10-12(a).[5]
Section 52-102b provides for a right of apportionment that did not exist at common law. See Alvarez v. New Haven Register, Inc.,249 Conn. 709, 721, 249 A.2d 709 (1999). Accordingly, the statute must be strictly construed and the court is not at liberty to extend, modify or enlarge its scope through statutory interpretation. See Ecker v. WestHartford, 205 Conn. 219, 233, 530 A.2d 1056 (1987). "In interpreting a statute the court must ascertain and give effect to the intent of the legislature. . . . [T]he meaning of [a] statute must, in the first instance, be sought in the language in which the act is framed. . . . If the language of the statute is clear, it is assumed that the words themselves express the intent of the legislature. . . . Where the statute CT Page 5968 presents no ambiguity, we need look no further than the words themselves which we assume express the intention of the legislature." (Internal citations omitted; internal quotation marks omitted.) White v. Burns,213 Conn. 307, 311, 567 A.2d 1195 (1990). "A statute which provides that a thing shall be done in a certain way carries with it an implied prohibition against doing that thing in any other way." (Internal quotation marks omitted.) HUD/Barbour-Waverly v. Wilson, 235 Conn. 650,657, 688 A.2d 1309 (1995).
The time limitation provided in § 52-102b (d) is unambiguous and, therefore, the court is not at liberty to clarify the meaning of the language through statutory interpretation. Additionally, the majority of Superior Court cases have held that the language in § 52-102b (d) is mandatory and there must be strict compliance to the sixty-day time limitation. "Since the majority of the courts have been strictly enforcing the 120-day statutory limit for original defendants who wish to serve apportionment complaints, it would be somewhat anomalous not to similarly enforce the sixty day limit for plaintiffs who wish to `plead over' claims against apportionment defendants." Perazelli v. TilconConnecticut, Inc. Superior Court, judicial district of Waterbury, Docket No. 154903 (November 6, 2000, Rogers, J.); see also Becker v. Cody, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 348815 (March 31, 1999, Nadeau, J.) (24 Conn.L.Rptr. 323, 324).
In the present case, Pagan's compliance with § 52-102b (d) is predicated on the assumption that the apportionment complaint was timely served on Pagan pursuant to § 52-102b (a) and Practice Book §10-12(a). The return of service on the apportionment complaint shows that service was made solely on the defendant, YWCA. "The failure to serve the plaintiffs counsel with a copy of the apportionment complaint as required by Practice Book § 10-12 tolls the running of the sixty day period." Jones v. Chapel Square Mall of New Haven, Superior Court, judicial district of New Haven, Docket No. 423606 (February 1, 2000,Alander, J.); see also Boland v. Frye, Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 483093 (October 8, 1998, Leheny, J.). Additionally, "[the] two sections of § 52-102b
make proper service of the apportionment complaint on the plaintiff a condition precedent to commencement of the sixty day time limit." Grimesv. Thermer, Superior Court, judicial district of New Haven, Docket No. 442215 (July 19, 2001, Devlin, J.). The Supreme Court has held that "[f]undamental tenets of due process . . . require that all persons directly concerned in the result of an adjudication be given reasonable notice and the opportunity to present their claims or defenses." Kron v.Thelen, 178 Conn. 189, 193, 423 A.2d 857 (1979). Biafore argues that it did, in fact, provide actual notice to Pagan of the apportionment complaint by pleadings dated August 13, 2001. Compliance with General CT Page 5969 Statutes § 52-102b (a), however, requires that a copy of theapportionment complaint be served pursuant to Practice Book § 10-12
(a) on all parties to the original action.
In the present case, Biafore did not comply with § 52-102b (a) and Practice Book § 10-12(a) by failing to timely serve a copy of the apportionment complaint on all parties to the original action. Pagan did not receive the apportionment complaint until she was faxed a copy by Biafore on October 26, 2001. Pagan's amended complaint was filed on November 13, 2001, eighteen days after learning of the apportionment complaint. Pagan has, therefore, complied with § 52-102b (d) because she filed an amended complaint against the apportionment defendant within sixty days after receipt of the apportionment complaint. Accordingly, Biafore's motion to dismiss the second count of Pagan's amended complaint is denied.
 III CONCLUSION
The motion to dismiss is denied.
BY THE COURT
Peter Emmett Wiese, Judge